# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Christopher Gregg De Falco,

    Plaintiff

v.

Cox Communications, Inc., et al.,

    Defendant

Case No.: 2:21-cv-01014-JAD-BNW

**Order Adopting Report & Recommendation and Dismissing Action**

[ECF Nos. 1, 7]

    When Plaintiff Christopher Gregg De Falco's mail from this court started getting returned to sender, the court ordered him to file a notice of change of address by August 13, 2021, or risk having his case dismissed.[1] Plaintiff did not update his address, so on September 13, 2021, the magistrate judge issued a report and recommendation (R&R) to dismiss this case without prejudice.[2] The deadline for the plaintiff to object to that recommendation was September 27, 2021, and the plaintiff neither filed objections nor moved to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[3] Having reviewed the R&R, I find good cause to adopt it, and I do.

    A court may dismiss an action based on a party's failure to obey a local rule or court order.[4] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

---

[1] ECF No. 6.

[2] ECF No. 7.

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address).

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The court has also evaluated less drastic alternatives by issuing a warning to the plaintiff that his failure to update his address would result in dismissal,[7] and the Ninth Circuit recognizes that such a warning satisfies the fifth factor's "consideration of alternatives" requirement.[8] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 7] is ADOPTED** in full;

IT IS FURTHER ORDERED THAT **THIS CASE IS DISMISSED**, and the motion to proceed in forma pauperis **[ECF No. 1] is DENIED as moot**. The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: October 12, 2021

---

[5] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] ECF No. 6.

[8] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1237 (9th Cir. 2006).